## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

      DIANA KAYE GENTRY,

                        Case No. 15-14402

          Debtor.             Hon. Denise Page Hood

_____

      TONIE RAE BANFIELD, TONI BANFIELD (Trustee)
      and TONI RAE BANFIELD (Co-Trustee),

          Appellants,         (Bankruptcy Case No. 09-36472)
                        (Adv. Proc. No. 15-03038)

      v.

      DIANA KAYE GENTRY and
      DALE F. SCHALLER,

          Appellees.

_____/

## OPINION AND ORDER DISMISSING BANKRUPTCY APPEAL
## and
## ORDER REGARDING VARIOUS MOTIONS

## I.    BACKGROUND

### A.    Procedural Posture

On December 21, 2015, Appellants Toni Banfield, individually and Toni

Banfield, Co-Trustee ("Appellants Banfields"), filed a Notice of Appeal from the

Bankruptcy Court's Opinion (not Order) signed November 30, 2015.  (Doc. No. 1)
The Notice of Appeal was amended on January 28, 2016 by Appellants Banfields.
(Doc. No. 9, Pg ID 867-68)   The Bankruptcy Court directed the counsel for plaintiffs
in the Adversary Proceeding, Case No. 15-3038, to prepare an order consistent with
the Bankruptcy Court's opinion.  (Doc. No. 1, Pg ID 13) On January 22, 2016, the
Bankruptcy Court entered an "Order Entering Relief as Stated in the Opinion of the
Court dated November 30, 2015," which Appellants Banfields identified as the "Order
Appealed From."  (Doc. No. 7, Pg ID 45 and Pg ID 774-75)

    Prior to the January 22, 2016 Bankruptcy Order, on December 7, 2015,
Appellants Banfields filed with the Bankruptcy Court a Motion under Fed. R. Civ. P.
54(b) to Vacate the Bankruptcy Court's November 30, 2015 Opinion for "Fraud on
the Court."  (Doc. No. 7, Pg ID 45 and 425-34).  On December 8, 2015, Appellants
Banfields also filed with the Bankruptcy Court a Motion for Sanctions.  (Doc. No. 7,
Pg ID 45 and 435-38)

    On January 29, 2016, Appellee/Intervenor Schaller filed a Motion for
Clarification of January 22, 2016 Order Entering Relief As Stated in the Opinion of
the Bankruptcy Court dated November 30, 2015.  (Doc. No. 9, Pg ID 851-53)

    On March 10, 2016, the Bankruptcy Court entered three orders:  an Order
Denying Appellants Banfields' Motion under Fed. R. Civ. P. 54(b) to Vacate

Bankruptcy Court's November 30, 2015 Opinion for "Fraud on the Court;" an Order Denying Appellants Banfields' Motion for Sanctions; and, an Order granting Appellee/Intervenor Schaller's Motion for Clarification as to Bankruptcy Court's January 22, 2016 Order regarding the November 30, 2015 Opinion. (Doc. No. 9, Pg ID 845-50)

Appellants Banfields filed a brief on appeal on March 1, 2016. (Doc. No. 8) Appellee Gentry indicated she was proceeding *pro se* on appeal and is unable to adequately file an appeal brief. (Doc. No. 17) Appellee/Intervenor Schaller filed an appellee brief on April 29, 2016. (Doc. No. 33) Appellants Banfields seek to strike Appellee/Intervenor Schaller's brief asserting the brief is filed by a non-party and is improper. (Doc. No. 35)

The following motions have also been filed: Amended Motion to Fix March 10, 2016 as Effective Date of Appeal by Appellee Schaller (Doc. No. 12, 3/15/16); Motion to Vacate Illegal Post-Appeal Orders Entered by Bankruptcy Court (Bankr. Orders Nos. 151, 152, 153) Without Subject Matter Jurisdiction filed by Appellants Banfield (Doc. No. 9, 3/10/16); Two Emergency Motions to Stay Remand Order filed by Bankruptcy Court Pending Decision on Appeal filed by Appellants Banfield (Doc. No. 27, 4/20/16; Doc. No. 28, 4/22/16); Motion to Strike Appellee's Brief by Non-Party/Non-Appellee Schaller filed by Appellants Banfield (Doc. No. 35, 4/30/16); and

3

Motion for Sanctions filed by Appellants Banfield (Doc. No. 38, 5/3/16).

### B.     Facts Related to the Bankruptcy Court Opinion/Order on Appeal

In its November 30, 2015 Opinion, the Bankruptcy Court issued the following

findings of facts:

> Debtor Diana Gentry, Plaintiffs John Banfield, James Banfield and Nancy Day, and Defendant Toni Banfield are siblings; Rayola O. Banfield is their mother. Rayola Banfield created a revocable trust on November 10, 1987, for the benefit of her children and amended that trust at least six times. On December 17, 1987, she created an irrevocable trust.

> Diana Gentry filed a petition seeking Chapter 7 relief on December 3, 2009. Her first meeting of creditors was held on February 1, 2010. The Trustee filed a final report on December 3, 2013, and a final account certification on April 3, 2014.

> Rayola Banfield died on July 2, 2012, about 2 1/2 years after the Debtor's bankruptcy petition. Thereafter, two files were opened in the Probate Court for Livingston County, Michigan: 13-14446 (irrevocable trust) and 13-14447 (revocable trust). Proceedings were held in the Livingston County Probate Court. Originally, the Defendant was the Trustee, but the Plaintiffs filed a Petition for Accounting and Removal of Trustee, and by an Order dated January 19, 2014, the Livingston County Probate Court temporarily suspended all then existing trustees and appointed Dale Schaller as Temporary Independent Trustee. On March 4, 2014, the Livingston County Probate Court entered a Consent Order amending the January 19, 2014, Order by appointing Mr. Schaller as Successor Trustee. By way of a petition dated February 26, 2015, and filed on March 5, 2015, with the Livingston County Probate Court, the Plaintiffs seek damages against the Defendant, including a surcharge against her interests in the trusts. On March 23, 2015, Defendant filed a Notice of Removal Pursuant to 28 U.S.C. § 1452, amended that Notice on March 24, 2015, and filed a Motion to Dismiss the Livingston County Probate Court Matter and Enforce the Automatic Stay ("Stay

4

Motion"). That same day, Diana Gentry filed an Objection to the Notice of Removal, as amended, and a request to abstain, as well as a Motion for Sanctions against Defendant's counsel, Mr. Tindall. On March 26, 2015, the Defendant filed a Declaration of Compliance and a Request for Clarification of the Order entered by this Court on March 25, 2015. In particular, Defendant stated:

> The February 27, 2015 Petition/THIRD "proceeding", was filed by a single (1) Petition. It was incorrectly filed, under the Case Nos. of the earlier "proceeding(s)", as neither trust is subject to **continued supervisory proceedings**. *MCR 5.501(B)*. This is the Petition/"proceeding" removed, i.e., the "removed action". See, Exhibit 2 [stamped copy from state court]. To the knowledge of the undersigned, the ONLY "pleading" filed in this THIRD "proceeding" is the Petition, already attached to the NOTICE OF REMOVAL, and the only party(s) to this "proceeding"/claim are the Petitioners and Respondent whose counsel have been served.

On March 30, 2015, Mr. Schaller, through counsel, appeared. That same day, Diana Gentry responded to Defendant's Stay Motion. The next day, Mr. Schaller filed an Affidavit regarding the Stay Motion, which Defendant moved to strike on April 2, 2015. In the meantime, First National Bank in Howell filed an appearance, and has generally joined Mr. Schaller, the Debtor, and the Plaintiffs in various requests for relief.

On April 7, 2015, Mr. Schaller filed a Motion to Dismiss the Removed Action or for Remand or Abstention and a few days later filed an Objection to the Stay Motion. Diana Gentry and First National Bank joined this Motion. In turn, the Defendant has moved to strike Mr. Schaller's pleadings or responded to those pleadings. Thereafter, the Defendant has labeled Mr. Schaller an interloper with no standing in this proceeding. In response, Mr. Schaller has requested the right to intervene, which Defendant opposes. A hearing was held on May 26, 2015, at which time the Court requested documents, which the parties subsequently filed.

5

In the middle of all of this, the Livingston County Probate Court administratively closed its entire file.

On July 30, 2015, Mr. Schaller filed a Motion for Clarification of the Scope of Removed Actions and requested the following relief:

(a) Enter an order clarifying the extent to which the Removal Notices removed the Probate Cases and in which the Court the administration of the Trusts, including approval of the sale of the Property, should proceed;

(b) If the Removal Notices only removed the discrete issue of whether Debtor's interests in the Trusts are property of the estate, enter the proposed Order Granting Motion for Clarification of the Scope of Removed Action (which would also retain jurisdiction to determine the award of sanctions for conduct in this Court), attached as Exhibit 1;

The Defendant responded with her own request for relief:

Respondents respectfully request this Court immediately issue its Order:

A.   DECLARING Debtor Gentry's interests in BOTH trusts to assets of the Bankrupt Estate;

B.   DECLARING ALL orders and proceedings conducted in or issued by the Livingston County Probate Court legally invalid and VOID;

C.   ORDERING DALE SHALLER to immediately return the operation, control and assets of BOTH trusts to TONI RAE BANFIELD, and, restore both thrust [sic] and their assets and properties to the condition existing immediately BEFORE commencement of the proceedings in Livingston County Probate Court;

D.   ORDERING DAL(sic) SHALLER to immediately account fully for all assets,

funds, properties and actions taken by him,
illegally, as alleged trustee of both Trusts;

E.      ORDERING all assets, funds and moneys paid
to any person, entity or law firm(s) clawed
back and returned to the respective trusts by
each and every person or entity that received
such property;

F.      INJOIN(sic) DALE SHALLER, his agents,
attorneys, employees and anyone claiming to
act in his name or on his behalf, or, in the
name of either trust with his authorization,
including realtors, listing services, banks,
brokerage companies, and, any other such
person or entity, from taking further action
without the express written authorization of
TONI RAE BANFIELD;

G.      GRANT such further and additional relief, on
an expedited basis, as may be necessary or
helpful to return BOTH trusts to their status
quo before the illegal removal of TONI RAE
BANFIELD, as Trustee.

This is consistent with the Defendant's Stay Motion, which
requested the following relief:

Now comes TONI RAE BANFIELD, individually and
in her capacity as Sole Trustee and Co-Trustee (hereinafter
"Banfield") of the Rayolla O. Banfield Irrevocable
Insurance Trust and the Rayolla O. Banfield Revocable
Living Trust (hereinafter "Trusts") . . .

3.      Banfield seeks enforcement of the automatic stay in
the form of an order of this Court finding that the
Petition and all proceedings conducted below in the
Livingston County Probate Court are subject to the
automatic stay, and may not proceed. (A copy of the
most recent Petition is attached to DE 1.)
. . .

7

5.      Banfield also seeks entry of appropriate relief
against Debtor, her Co-petitioners, Dale Shaller,
John K. Harris Esq., and the law firm of HARRIS &
LITERSKI, under 11 USC 362(k) for actual
damages, punitive damages, and, actual attorney's
fees expended or incurred by Banfield.
. . .

A.      Finding that the Petition and all state court
proceedings were filed and conducted in
violation of the automatic stay;

B.      Declaring all proceedings, orders and actions
taken by the Livingston County Probate Court,
and by anyone as a consequence thereof,
legally invalid and void.

C.      Ordering the status quo in place prior to the
conduct of any state court proceedings
restored.

D.      Awarding actual and punitive damages,
including actual costs and attorney's fees
incurred, against Debtor, Day, any other
Petitioners, Harris and their law Firm,
HARRIS & LITERSKI, incurred by the
Banfield, as a result of the conduct of the state
court proceedings and this proceeding; and

E.      Granting Banfield such further and additional
relief as the Court deems just and appropriate.

The Court heard arguments regarding these matters on May 26,
2015, and September 30, 2015.

(Doc. No. 1, Pg ID 4-8)

The Bankruptcy Court remanded the matter to the Livingston County Probate

Court, finding that the probate court is better able to respond to lawsuits involving

8

questions of state law, in particular, probate law.  The Bankruptcy Court found that the probate court has exclusive legal and equitable jurisdiction regarding matters of a trust, such as the Trusts in this case.  (Doc. No. 1, Pg ID 11-12) The Bankruptcy Court entered an Order remanding the matter back to the Livingston County Probate Court and lifting the Automatic Stay to allow the probate court to decide issues regarding the Trusts and Trust Assets.  (Doc. No. 7, Pg ID 774)

In three separate orders filed on March 10, 2016, the Bankruptcy Court ruled on various motions filed by the parties.  As to Appellants Banfields' Motion for Sanctions, the Court denied the motion finding that Appellee/Intervenor Schaller was a proper party in interest with the right to address matters in the Adversary Proceeding and had standing to file papers, argue at hearings and to participate in appeals from orders entered in the Adversary Proceeding.  (Doc. No. 9, Pg ID 845-46) The Bankruptcy Court also denied Appellants Banfields' Motion to Vacate the November 30, 2015 Opinion, finding there was no fraud on the Court and that Appellee/Intervenor Schaller had standing to oppose the motion and in any appeal from this order.  (Doc. No. 9, Pg ID 847-48) The Bankruptcy Court's Order granting Appellee/Intervenor Schaller's Motion for Clarification found that "[t]he Order Entering Relief as Stated in the Opinion of the Court dated November 30, 2015 (Docket 142) did not determine either Respondents' FRCP 54(b) Combined Motion and Brief to Vacate Decision dated

9

November 30, 2015, Dt. 93, for Fraud on the Court (Docket 104) or the Motion for

Sanctions Pursuant to Fed. R. Bankr. 9011 (Docket 106)."

      The Court addresses below the merits of the appeal and the related motions filed

by the parties, addressing initially the appropriate time the Notice of Appeal became

effective and whether Appellee/Intervenor Schaller is a proper party in this appeal.

## II.    BANKRUPTCY APPEAL/TIME TO FILE NOTICE OF APPEAL

      The time from which the appeal period in this matter began to run is an issue

because the Bankruptcy Court filed various orders after the Order appealed from was

filed.  Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction over appeals from

"final judgments, orders, and decrees" of bankruptcy courts.  "For purposes of appeal,

an order is final if it ends the litigation on the merits and leaves nothing for the court

to do but execute the judgment."  *In re Janna W. Cundiff,* 227 B.R. 476, 477 (6th Cir.

BAP 1998); *Catlin v. United States,* 324 U.S. 229, 233 (1945).  An order on an

objection to a debtor's claim of exemption is a final order for purposes of appeal.

*Wicheff v. Baumgart (In re Wicheff)*, 215 B.R. 839, 840 (6th Cir. BAP 1998).

      The Rules of Appellate Procedures provide that in a civil case, the notice appeal

must be filed within 30 days after entry of the judgment or order appealed from.  Fed.

R. App. P. Rule 4(a)(1)(A).  "A notice of appeal filed after the court announces a

decision or order–but before the entry of the judgment or order–is treated as filed on

the date of and after the entry." Fed. R. App. P. Rule 4(a)(2). If a party timely files

any post-judgment/order motions under the Federal Rules of Civil Procedure, "the time

to file an appeal runs for all parties from the entry of the order disposing of the last of

remaining motion," such as motions to amend or make additional factual findings

under Rule 52(b), whether or not granting the motion would alter the judgment, or to

alter or amend the judgment under Rule 59. Fed. R. App. P. Rule 4(a)(4)(A). "If a

party files a notice of appeal after the court announces or enters a judgment–but before

it disposes of any motion listed in Rule 4(a)(4)(A)–the notice becomes effective to

appeal a judgment or order, in whole or in part, when the order disposing of the last

such remaining motion is entered." Fed. R. App. P. Rule 4(a)(4)(B)(i).

As noted above, the Bankruptcy Court issued its Opinion on various matters

below on November 30, 2015. Appellants Banfields filed their first Notice of Appeal

on December 21, 2015. The Bankruptcy Court entered its "Order Entering Relief as

Stated in the Opinion of the Court dated November 30, 2015" on January 22, 2016.

The Appellants Banfields amended their Notice of Appeal on January 28, 2016.

Prior to the January 22, 2016 Bankruptcy Order, on December 7, 2015,

Appellants Banfields filed with the Bankruptcy Court a Motion under Fed. R. Civ. P.

54(b) to Vacate the Bankruptcy Court's November 30, 2015 Opinion for "Fraud on the

Court." Although Appellants Banfields cite to Rule 54(b), it appears they were seeking

11

relief under Rule 59(e) to alter the findings of the Bankruptcy Court, specifically to vacate the findings, based on alleged fraud on the court, or perhaps Rule 60(b)(3) which seeks relief from a final judgment or order based on fraud.  The cited Rule 54(b) by Appellants Banfields applies to judgment on multiple claims.  Because the Bankruptcy Court did not issue its Order as to the Appellants Banfields' motion to vacate the findings until March 10, 2016, the Amended Notice of Appeal became effective when that order was entered on March 10, 2016.  Fed. R. App. P. Rule 4(a)(4)(B)(i).  The Appellee/Intervenor's Motion to Fix March 10, 2016 as the effective date of the appeal (Doc. No. 12) is granted.

## III.   APPELLEE/INTERVENOR SCHALLER'S STANDING

The Appellants Banfields argue that Appellee/Intervenor Schaller has no standing before this Court or the Bankruptcy Court below.  Appellee/Intervenor Schaller asserts he is a proper party as ruled by the Bankruptcy Court.

The Sixth Circuit has explained that "[s]tanding is a jurisdictional requirement and we are under a continuing obligation to verify our jurisdiction over a particular case." *Harker v. Troutman (In re Troutman Enters., Inc.)*, 286 F.3d 359, 364 (6th Cir. 2002).  "In order to have standing to appeal a bankruptcy court order, an appellant must have been 'directly and adversely affected pecuiriarily by the order.'" *Id.* (citations omitted).  A party "may only appeal a bankruptcy order when it diminishes their

12

property, increases their burdens or impairs their rights." *Id.* A litigant's standing is often denied as to any claim that asserts only third-party rights. *Id.* at 365.

Appellee/Intervenor Schaller is the Successor Trustee of the Irrevocable Trust which was before the Livingston County Probate Court. The Appellant individual Banfield and Appellant former Trustee Banfield of the Irrevocable Trust removed the Trust matters to the Bankruptcy Court. The Debtor Diana Gentry, a sister of the Appellant individual Banfield, objected to the removal of the Trust matters. The Bankruptcy Court found that Appellee/Intervenor Schaller had standing below.

Because the underlying issue on appeal is whether the Trust matters should be before the Bankruptcy Court, Appellee/Intervenor Schaller, as the Successor Trustee of the Irrevocable Trust at issue, clearly has standing before the Bankruptcy Court and on appeal. As the Successor Trustee, Appellee/Intervenor Schaller's interest in the Irrevocable Trust is "directly and adversely affected" by any order entered by the Bankruptcy Court or this Court, as it relates to which court the Trust issues (and distribution of such assets) should be determined and ruled upon. Appellants Banfields, individually as a beneficiary of the Irrevocable Trust and as the former Trustee of the Irrevocable Trust, may not agree, but as the current Successor Trustee, and as the person who currently has that power as to the Irrevocable Trust, Schaller's interest in the Irrevocable Trust matters is not those of a tangential "third-party." Any

order issued by this Court would necessarily affect the Irrevocable Trust. During the time before the Bankruptcy Court, the Successor Trustee was Appellee/Intervenor Schaller.

The Court finds the Bankruptcy Court did not err in finding that Appellee/Intervenor Schaller had standing before the Bankruptcy Court. Appellants Banfields' Motion to Strike Brief of Appellee (Doc. No. 35) is denied.

## IV.   MERITS OF APPEAL

### A.   Standard of Review

Findings of fact are reviewed under the clearly erroneous standard. Fed. R. Bankr. P. 8013; Fed. R. Civ. P. 52(a). "If the bankruptcy court's factual findings are silent or ambiguous as to an outcome determinative factual question, the [reviewing court] may not engage in its own factfinding but, instead, must remand the case to the bankruptcy court for the necessary factual determination." *Helfrich v. Thompson (In re Thompson)*, 262 B.R. 407, 408 (6th Cir. BAP 2001). A bankruptcy court's conclusions of law are reviewed de novo. *Adell v. John Richards Homes Bldg. Co. (In re John Richards Homes Bldg. Co.)*, 439 F.3d 248, 254 (6th Cir. 2006); *In re Downs*, 103 F.3d 472, 476-77 (6th Cir. 1996).

### B.   Jurisdiction/11 U.S.C. § 541

The Bankruptcy Court found that Debtor Gentry's interest in the various trusts

14

is not a property of the bankruptcy estate under 11 U.S.C. § 541 where the property of the estate includes interest a debtor acquires within 180 days from the petition date. Debtor Gentry's mother died in July 2012, about 2 1/2 years after Gentry filed her bankruptcy petition.

Appellants Banfields argue that the Bankruptcy Court's finding that Debtor Gentry's interests in the Trusts were not a property of the bankruptcy estate was in error in that the bankruptcy courts have exclusive jurisdiction over the property of the estate. Appellee/Intervenor Schaller responds that Debtor Gentry's interests in the Trusts are not property of her bankruptcy estate, nor is Appellants Banfields' interests in the Trusts.

Interest by a debtor as a result of a bequest, devise or inheritance is defined as property of the estate under 11 U.S.C. § 541(a)(2)(5): "Any interest in the property that would have been property of the estate is such interest had been an interest of the debtor acquires or becomes entitled to acquire within 180 days after such date–(A) by bequest, devise, or inheritance." Debtor Gentry's and Appellant Banfield's mother died on July 3, 2012. Debtor Gentry filed her bankruptcy petition under chapter 7 on December 3, 2009. The Trusts at issue are not property of the Estate. The Bankruptcy Court's findings of fact and conclusions of law were not in error.

**C.    Jurisdiction/"Probate Exception"**

15

Appellants Banfields argue that the bankruptcy court has exclusive jurisdiction over Debtor Gentry's interest in the property of Gentry's bankruptcy estate. Appellee/Intervenor Schaller argues that the "probate exception" applies in this case and the Bankruptcy Court does not have jurisdiction over the Adversary Proceeding.

Federal jurisdiction based on 28 U.S.C. § 1334 provides that federal district courts have jurisdiction in bankruptcy cases and related proceedings.  The Supreme Court has recognized a "probate exception," like the domestic relations exception, to otherwise proper federal jurisdiction in bankruptcy matters under § 1334.  *Markham v. Allen,* 326 US 490, 494 (1946).  In the United States Supreme Court case, *Marshall v. Marshall*, 547 U.S. 293 (2006), the Supreme Court held that determinations regarding the trust *res* under the custody of a state probate court is applicable to the probate exception to federal jurisdiction.   M.C.L. § 700.1302 provides that the Michigan probate courts have exclusive legal and equitable jurisdiction regarding matters of a trust.  The *Marshall* Court stated in reiterating its previous rulings that, "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*."  547 U.S. at 311.   "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court."  *Id.* at 311-12.  A

suit to annul a will is a supplemental proceeding for probate of the will, and therefore is not cognizable in federal court. *Id.* at 312. Federal courts do not have jurisdiction over a claim seeking to reach a *res* in the custody of a state court. *Id.*

However, the probate exception "does not bar federal courts from adjudicating matters *outside* those confines and otherwise within federal jurisdiction." *Id.* (italics added). In *Marshall*, the Supreme Court held that federal courts had jurisdiction over a tortious interference claim against an individual party involved in the probate action and that the state probate court did not have exclusive jurisdiction over the tort claim where the claimant seeks only an *in personam* judgment, not the probate or annulment of a will. *Id.* at 314.

In the bankruptcy below, the Adversary Proceeding at issue is Appellants Banfields' (not Debtor Gentry's or the Bankruptcy Trustee's) removal from the Livingston County Probate Court a "Petition to Surcharge Toni Banfield" filed by certain beneficiaries of the Trusts, including Debtor Gentry. The Petition alleges the following counts against Appellants Banfields: Breach of Trusts under M.C.L. § 700.7801 (Counts I and IV); Failure to Provide Accountings as Required by the Trust (Counts II and V); Failure to Turn Over Trust Assets (Counts III and VI).

The Failure to Provide Accountings and the Failure to Turn Over Trust Assets Counts clearly involve the *res* of the two Trusts and are supplemental to the

administration of the Trusts.  The probate exception applies to these four counts.

As to the Breach of Trust claim under M.C.L. § 700.7801, the statute provides, "[u]pon acceptance of a trusteeship, the trustee shall administer the trust in good faith, expeditiously, in accordance with its terms and purposes, for the benefit of the trust beneficiaries, and in accordance with this article."  M.C.L. § 700.7801.  The Michigan Supreme Court has held that one must look to the trust instrument to determine the powers and duties of trustees and the settlor's intent regarding the purpose of the trust's creation and its operation. *Matter of Estate of Butterfield,* 418 Mich. 241 (1983).  The Michigan probate courts under Michigan law have exclusive legal and equitable jurisdiction to determine the matters relating to the settlement of the estate of a deceased person including proceedings concerning the validity, internal affairs, settlement of trusts, rights involving the trusts, trustees and beneficiaries of the trusts, appointment or removal of a trustee.  M.C.L. § 700.21.

The Court finds that under Michigan law, the probate courts have exclusive jurisdiction to determine whether the trustee breached the trust instrument and whether the trustee must be removed or account to the beneficiaries of the two Trusts.  The Breach of Trust claims by the beneficiaries are not tort claims outside the realm of the Trust instruments which are before the probate court.  The beneficiaries' claims against Banfield in the petition filed before the probate court do not allege tort claims against

18

Banfield, only that Banfield breached the two Trusts at issue, which necessarily means interpreting the language of the two Trusts. Michigan law provides that the probate court has exclusive jurisdiction over the settlement of the trusts and the rights involving the trusts, trustees and the beneficiaries. The instant petition filed before the Livingston County Probate Court does not involve the same facts as the *Marshall* case.

In the *Marshall* case, the debtor/widow in her chapter 11 bankruptcy case brought an adversary proceeding against her stepson for tortious interference with her expectancy of inheritance or gift from her deceased husband. The deceased husband's estate was being administered by a state probate court. The stepson argued before the bankruptcy court that it did not have subject matter jurisdiction over the tortious interference claim since the state probate court had exclusive jurisdiction over the decedent's estate. The Supreme Court reiterated that federal courts did not have jurisdiction over probate matters where the *res* was in the custody of a state probate court, known as the "probate exception." *Marshall,* 547 U.S. at 308. However, the Supreme Court held that as to the debtor/widow's tort claim of tortious interference against her stepson, federal courts had subject matter jurisdiction over that claim under the bankruptcy court's jurisdiction under 28 U.S.C. § 1334 of matters relating to the bankruptcy estate since the debtor/widow did not seek to reach the *res* of the probate estate. The debtor/widow only alleged a tort claim against her stepson, individually or

19

*in personam.*  The debtor/widow did not seek to invalidate any matters before the probate court or seek to receive any of the *res* in the custody of the state probate court; she only filed a claim against her stepson for tortious interference of her expectations of gifts from her husband.

In this case, any claims against Appellants Banfields as to how the Trusts were handled must be viewed in light of the language of the Trusts.  Any administrative issues against Appellants Banfields are supplemental issues regarding the administration of the Trusts.  Should there be a finding against Appellants Banfields, including a "surcharge," such "damages" may or may not come from the *res* of the Trusts.  Such "surcharge" or "damages" may also then be returned or paid to the *res* of the Trusts, as opposed to the individual beneficiaries.  The *res* of the Trusts is clearly at issue, which means the "probate exception" applies in this matter.  The beneficiaries of the Trusts do not allege that Appellants Banfields, outside the role of Trustee of the Trusts, interfered against the beneficiaries from receiving the *res* from the Trusts.  The beneficiaries allege that the Appellants Banfields, in the role of the Trustee of the Trusts, breached the requirements under the Trusts and have failed to properly administer the Trusts.  The Court finds that any allegations and claims by the beneficiaries of the Trusts, including Debtor Gentry, against Appellants Banfields, in the role of Trustee of the Trusts, cannot be properly before the federal courts since the

20

federal court would necessarily invade the state probate court's authority to internally administer the Trusts.

The "probate exception" applies to the federal court's jurisdiction in this instance. The Bankruptcy Court did not err in concluding that the "probate exception" applied to the Adversary Proceeding removed by Appellants Banfields from the Livingston Probate Court. Since the Bankruptcy Court did not so err, the orders entered lifting the automatic stay and remanding the matter back to the Livingston Probate Court were not entered in error. Appellants Banfield's appeal of the Bankruptcy Court's Order must be dismissed and the Bankruptcy Court's orders are affirmed.

## V.    REMAINING MOTIONS

In light of the above, Appellants Banfields' Motion to Vacate Post-Appeal Orders Issued by the Bankruptcy Court (Doc. No. 9) is denied since the Bankruptcy Court did not have jurisdiction over the Adversary Proceeding and the orders remanding the matter to the Probate Court were properly entered.

The two Emergency Motions to Stay Remand Order Pending Decision on Appeal (Doc. Nos. 27, 28) are also denied in light of the Court's decision above finding the remand was proper.

As to the Motion to Strike Brief of Appellee and Amended Motion for

Sanctions (Doc. Nos. 35, 38), the motions are denied since Appellants Banfields seek

sanctions against Appellee/Intervenor Schaller and the firm representing Schaller for

"falsely" representing he is a party in this case. The Court ruled above that Schaller

is a proper party in the bankruptcy proceedings and in this appeal.

In light of the ruling above, the Court also dismisses the related removed action

filed by the Appellants Banfields from the Livingston County Probate Court, which

matter was remanded back to the Livingston County Probate Court by the Bankruptcy

Court in its orders and which matter is at issue in this appeal. *See,* Case No. 16-11512,

*Schaller v. Banfield.*

## VI.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Vacate the Post-Appeal Orders Entered by

the Bankruptcy Court **(Doc. No. 9)** is DENIED.

IT IS FURTHER ORDERED that the Amended Motion to Fix March 10, 2016

as Effective Date of Appeal **(Doc. No. 12)** is GRANTED.

IT IS FURTHER ORDERED that the Emergency Motions to Stay of Remand

Order Pending Decision on Appeal **(Doc. Nos. 27 and 28)** are DENIED.

IT IS FURTHER ORDERED that the Motion to Strike Brief of Appellee **(Doc.**

**No. 35)** is DENIED.

IT IS FURTHER ORDERED that the Amended Motion for Sanctions **(Doc. No. 38)** is DENIED.

IT IS FURTHER ORDERED that the Bankruptcy Court's Orders are AFFIRMED and this Bankruptcy Appeal is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this action is designated as CLOSED on the Court's docket.


S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: July 29, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager